SAMUEL J. STEIN ET AL. *v.* BRUNSWICK-BALKE-COLLENDER CO.

1. EVIDENCE.   *Facts not in issue; when relevant.*
   Evidence of facts not in issue, but so connected with the matter at issue as
   to form a part thereof, is relevant and admissible.

2. SAME.   *Alteration of note.   Previous written contract.*
   On the issue whether a note sued on has been materially altered after its
   execution, a written contract for the purchase of the goods for which the
   note was given, and which sets out the terms of the purchase, is compe-
   tent and relevant evidence.

FROM the circuit court of Leflore county.
HON. R. W. WILLIAMSON, Judge.

Appellee, the Brunswick-Balke-Collender Co., brought this
action against Samuel J. Stein, maker, and J. T. Flanagan,
indorser, of three promissory notes for fifty dollars each.
The notes were given for part of the purchase-money of a
pool-table and outfit bought by Stein from plaintiff. De-
fendants pleaded, among other things, that the notes, after
their execution and delivery, had been materially altered by
the insertion in the body of the note of the words, "and
attorney's fees," the effect of which, if enforced, would be to
make defendants liable for such fees in addition to the amount
of the notes as really executed. Plaintiff denied that the words
were inserted after the giving of the notes. On the trial,
defendants offered in evidence the written contract for the
purchase, by Stein, of the pool-table and outfit. This con-
tract was signed by him and by plaintiff, and set out fully the
terms of the purchase, but did not stipulate that the notes
which were to be executed should be payable with attor-
ney's fees. On objection by plaintiff, the contract was ex-
cluded as incompetent, and this action of the court is assigned
for error. Judgment for plaintiff, and the defendants appeal.

*Rush & Gardner*, for appellants.

The written contract was certainly competent as a circumstance to show what was the intention and the contract of the parties. It describes the deferred payments, but is silent as to attorney's fees.

*Longino & Weathersby*, for appellee.

The notes were the contract sued on. Only one issue was tendered, and the paper excluded furnished no evidence in support of the defense.

COOPER, J., delivered the opinion of the court.

In determining whether the notes sued on were altered after their execution, the contract for the purchase of the goods for which they were given was competent and relevant evidence. It was in writing, signed by the parties, and contained the terms of the sale, and was therefore competent, as tending to prove that the notes signed by the defendant were given in conformity to the terms of the sale.

" Facts which, though not in issue, are so connected with a fact in issue as to form part of the same transaction or subject-matter, are deemed to be relevant to the fact with which they are connected." Stephen's Dig. of Ev., chap. 2, art. 3.

*Reversed and remanded.*